Swing, J.
The action of the plaintiff was for damages for the killing of her son, Col. Edward M. Driscoll. The allegation of the petition was, that on the 6th day of March, 1884, by the gross and wanton negligence and willful, wrongful carelessness of the defendant, by its agents and servants, the said Edward M: Driscoll was killed, and without any fault on his part.
The facts as shown by the bill of exceptions are, in brief and in substance, as follows:
*494 Col. Driscoll was a store-keeper, employed at Dodswoth’s distillery, near Cumminsville, in the western part of this city. He lived in Cincinnati. On the morning of March 6th, 1884, he rode in the street cars until he came to the C., W. & B. Ry. tracks at Cumminsville. At this point he left the street cars, and started to walk along the tracks and road bed of the company to go to the distillery, which was distant about 1,800 feet. At this point there is a double track, which is used by the C., W. & B., and O. C. & I. Railways. In walking on the. track he was going east and north and away from the city, and was walking on the left hand track as he went.
The first seen of him on the track was about 900 feet from where he left the street cars. The time was about 15 minutes till 9 a. m.; when about 1,200 feet on his way, a passenger train going into the city came along, and he left the track he was walking on and crossed over on to the other track, when in a' very short time he was struck and killed by a freight ‘train going from the city.
Driscoll left the street cars and was walking on the road-bed of the defendant, for the reason that he could save time and distance in going to his objective point, Dodsworth’s distillery. At the point where killed, it was not a public crossing, but was a fill and was‘the property of defendant, although it was used a great deal by foot travelers and was the ordinary way used by Col. Driscoll in going to and from his home to the distillery.
Plaintiff called several witnesses, who testified as to what was done by Col. Driscoll and the company’s servants at the time of the accident.
There is not much disagreement as to the evidence, and it all goes to show clearly that Col. Driscoll was walking on one of the tracks of the company. That, meeting a passenger train, he walked off that track directly in front of a train going in an opposite direction, and in a very short time was killed. The train that killed him had been in full view of him for at least 1,500 feet.
The engineer on the engine that killed him blew the whistle of alarm, but from the evidence it would seem that the unfortunate man never heard it. He had his back to the *495 train, and probably never was aware of the presence. of. the train until it struck him.
Now, what were the duties and obligations of Col: Driscoll and the Railway Company to each other under these circumstances ?
In order for the plaintiff to maintain an action in this case, the proof should sustain the allegation of the petition, which is that there was wanton, wilful negligence on the part of the defendant. The plaintiff has stated the law in the petition, but is there any proof to sustain it?
Col. Driscoll was on the tracks of the defendant, at a point where, as a matter of right, he had no right to be. The only obligation that the company was under to him, was that they had no right to wilfully injure him, which would include the duty they owed to him if, the engineer, after he had seen the imminent danger that he was in, had not done all in his power to prevent any harm to him ; but the company had the right to run its trains at this point, totally regardless of the possible presence of the decedent; they owed him no obligation to look out for his safety. They had a right to rely on him using his senses, and keeping out of the way of their trains. They owed him no obligation to see him on the track, and warn him of danger. It was his duty to look out for the train and avoid danger. He was under obligations to use his senses of seeing and hearing. If after he had placed himself in this perilous position, and the person having charge of the engine had seen him, and had at the time great reason-to believe that the decedent would not get out of the way, and was not using his senses, or could not, it was then the duty of the engineer to do all in his power to prevent the injury. This was the only duty owing to the decedent, and the failure to have used it would have amounted to wilfulness; but there was not a particle of evidence that tended in the least to show any such negligence as this on the part of the defendant.
At the conclusion of plaintiff’s evidence, the court, on the motion of the defendant, directed the jury to return a verdict for defendant, on the ground that there was no evidence tend *496 ing to show such negligence on the part of defendant, and in this we think the court did right.
Malloti & Coffey, Durbin Ward and S. A. Miller, for plaintiff in error.
Soadly, Johnson & Colston, for defendant in error.
Judgment affirmed.